UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:21 CV 357-FDW-DCK

JANICE GULLAS,

    Plaintiff,

        vs.

COMPREHAB, INC., doing business as
Compleat Rehab & Sports Therapy
Center,

    Defendant

**CONSENT JUDGMENT**

**CONSENT JUDGMENT RESOLVING ALL CLAIMS**

This matter is before the Court by consent of all parties. This lawsuit concerned plaintiff Janice Gullas' ("Plaintiff's") allegations that defendant Comprehab, LLC (f/k/a Comprehab, Inc.) ("Defendant") violated the Fair Labor Standards Act ("FLSA") during the period of time Plaintiff was employed by Defendant. Plaintiff and Defendant are hereafter referred to as "the Parties." The Parties also brought competing breach of contract claims against each other. Lastly, in this lawsuit Plaintiff alleged Defendant failed to pay Plaintiff her prevailing wages during the time that she was worked for Defendant from March 2018 through May 2021.

Following discovery in this matter, the parties having been represented by their own counsel, discovered and acknowledged that Defendant did in fact follow the FLSA with respect to payment of wages to Plaintiff for the period in question, and that at all times Plaintiff was paid in excess of

1

the prevailing wages published by the Department of Labor from 2018-2021 for Plaintiff's occupation as a physical therapist.

The parties have agreed to settle this matter by dismissing all of Plaintiff's pending claims with prejudice as well as Defendant's counterclaims, and by Plaintiff agreeing to reimburse Defendant a portion of Defendant's costs in this matter. The Parties having determined that entry of this Consent Order is in their collective best interests.

NOW, THEREFORE, based on the Parties' mutual consent, this Court hereby finds and ORDERS as follows:

1. This Court has federal question jurisdiction over the FLSA claims raised by the Parties in this lawsuit.

2. This Court has supplemental jurisdiction over the breach of contract claims raised by the Parties in this lawsuit.

3. This Court has personal jurisdiction over the Parties in this matter.

4. Defendant brought Plaintiff to the United States on an H1-B visa from the Philippines to work as a physical therapist.

5. Plaintiff was employed by Defendant from March, 2018 through May, 2021 as a home health care visiting physical therapist in the state of West Virginia.

6. Plaintiff's position as a licensed physical therapist fit within the exemption under the FLSA for professional employees, and Plaintiff was therefore exempt at all relevant times from the overtime requirements under the FLSA. See 29 U.S.C.A § 213(a)(1) and 20 C.F.R. § 541.300 and 20 C.F.R. § 541.301(e).

7. At all times that Plaintiff was employed by Defendant, Plaintiff was paid an excess of the prevailing wages published by the Department of Labor for physical therapists with Plaintiff's level of experience working in the state of West Virginia.

8. At all times during Plaintiff's employment with Defendant, the compensation package that Plaintiff received from Defendant was lawful and compliant with federal law.

9. In the Employment and Noncompetition Agreement ("the Agreement" that Plaintiff signed with Defendant, Plaintiff promised to reimburse Defendant the costs and expenses that Defendant incurred in recruiting, hiring, and training Plaintiff to work for Defendant should Plaintiff fail to fulfill the entire term of Plaintiff's employment contract.

10. Plaintiff quit Defendant's employment in May 2021 prior to the fulfillment of Plaintiff's full employment term with Defendant under the Agreement.

11. In exchange for dismissing all of the claims and counterclaims in this lawsuit, and as partial reimbursement for Defendant's costs and expenses incurred in defending this lawsuit, Plaintiff has agreed to pay $9,000.00 pursuant to a settlement negotiated between the Parties.

12. The Parties agree to sign a separate settlement agreement which will outline in detail how Plaintiff agrees to pay the aforementioned $9,000.00 settlement.

13. So long as Plaintiff remains current in her installment payments towards the negotiated settlement, no collection efforts shall be taken by Defendant against Plaintiff. However, in the event of a default in the settlement payment terms by Plaintiff, then Defendant shall be free to pursue all legal means of recovery of the amount owed and outstanding.

3

Case 3:21-cv-00357-FDW-DCK   Document 14   Filed 11/14/22   Page 3 of 4

14. Upon entry of this Consent Judgment, all remaining claims and counterclaims will be deemed to have been dismissed with prejudice.

IT IS SO ORDERED as of the date of this Consent Judgment's entry.

Signed: November 14, 2022

Frank D. Whitney
United States District Judge